**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **UGHS SENIOR LIVING, INC.** | § | **Case No. 15-80399** |
| | § | |
| **TRINITYCARE SENIOR** | § | **Case No. 15-80400** |
| **LIVING, LLC** | § | |
| | § | |
| **UGHS SENIOR LIVING REAL** | § | **Case No. 15-80401** |
| **ESTATE OF PORT LAVACA,** | § | |
| **LLC** | § | |
| | § | |
| **UGHS SENIOR LIVING REAL** | § | **Case No. 15-80402** |
| **ESTATE OF PEARLAND, LLC** | § | |
| | § | |
| **UGHS SENIOR LIVING REAL** | § | **Case No. 15-80403** |
| **ESTATE OF KNOXVILLE, LLC** | § | |
| | § | |
| **UGHS SENIOR LIVING OF** | § | **Case No.  15-80404** |
| **PEARLAND, LLC** | § | |
| | § | |
| **UGHS SENIOR LIVING OF** | § | **Case No. 15-80405** |
| **PORT LAVACA, LLC** | § | |
| | § | |
| **UGHS SENIOR LIVING OF** | § | **Case No. 15-80406** |
| **KNOXVILLE, LLC** | § | |
| | § | |
| **TRINITYCARE SENIOR** | § | **Case No. 15-80407** |
| **LIVING OF COVINGTON, LLC** | § | |
| | § | |
| **UGHS SENIOR LIVING REAL** | § | **Case No. 15-80409** |
| **ESTATE, LLC** | § | |
| | § | |
| **TRINITYCARE LIGHTHOUSE** | § | **Case No. 15-80408** |
| **OF PEARLAND, LLC** | § | |
| | § | |
| | § | **(Chapter 11)** |

1

**DEBTORS' EMERGENCY MOTION FOR ORDER (A) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO FED. R. BANKR. P. 1015(B) AND S.D. TEX. BANKR. L.R. 1015-1 AND (B) WAIVING REQUIREMENTS OF 11 U.S.C. § 342(C)(1) AND FED. R. BANKR. P. 1005 AND 2002(N)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THE DEBTORS HAVE REQUESTED THAT THIS MOTION BE CONSIDERED AT THE DEBTORS' FIRST DAY HEARINGS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (the "Motion") this Court for entry of an order pursuant to section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1005, 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas, providing for the joint administration of the Debtors' separate chapter 11 cases for

procedural purposes only and seeking a waiver of the requirements that the captions and certain notices in these chapter 11 cases list the Debtors' tax identification numbers and addresses. In support of this Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are Bankruptcy Code section 342(c)(1), Bankruptcy Rules 1005, 1015(b) and 2002(n) and Local Bankruptcy Rule 1015-1.

## BACKGROUND

3.      On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

4.      The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.      To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "United States Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

## RELIEF REQUESTED

6.      By this Motion, the Debtors request entry of an order, under Bankruptcy Code section 342(c)(1), Bankruptcy Rules 1005, 1015(b) and 2002(n), and Local Bankruptcy Rule 1015-1, consolidating the Chapter 11 Cases for procedural purposes only and waiving the

requirement that the Debtors' captions and certain notices in the Chapter 11 Cases contain certain identifying information.

7.      For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

8.      Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates.

9.      UGHS Senior Living, Inc., the corporate parent, owns at least 20 percent of each of the other Debtors in these Chapter 11 Cases, directly or indirectly.  Accordingly, all of the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Thus, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1.

10.     The joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

11.     Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases. Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be apprised of the

4

various matters before the Court in the Chapter 11 Cases. Finally, joint administration will ease the burden on the office of the U.S. Trustee in supervising these bankruptcy cases.

12.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Chapter 11 Cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

13.     The Debtors' estates will benefit from the reduced costs as a result of such joint administration. Accordingly, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Chapter 11** |
| **UGHS SENIOR LIVING, INC., et al.,** | § | |
| | § | **Case No. 15-80399__** |
| **Debtors.**[1] | § | |
| | § | **Jointly Administered** |

14.     Bankruptcy Rule 2002(n), which incorporates Bankruptcy Rule 1005, provides that notices under Bankruptcy Rule 2002 contain certain information, including the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years. Fed. R. Bankr. P. 2002(n).

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: UGHS Senior Living, Inc. (9334); TrinityCare Senior Living, LLC (1655), UGHS Senior Living Real Estate of Port Lavaca, LLC (0012), UGHS Senior Living Real Estate of Pearland, LLC (0653), UGHS Senior Living Real Estate of Knoxville, LLC (2405), UGHS Senior Living of Pearland, LLC (0704), UGHS Senior Living of Port Lavaca, LLC (0762), UGHS Senior Living of Knoxville, LLC (0826), TrinityCare Senior Living of Covington, LLC (4360),UGHS Senior Living Real Estate, LLC (5553), and TrinityCare Lighthouse of Pearland, LLC (2681).

15.     The Debtors submit that use of this simplified caption without full tax identification numbers will ensure a uniformity of pleading identification. All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors and their respective case numbers, and the last four digits of their tax identification numbers. All such pleadings will also include a note specifying that the Chapter 11 Cases are "Jointly Administered." Moreover, the full tax identification numbers will be listed in the petitions for each Debtor, and such petitions are publicly available to all parties-in-interest. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) and Local Bankruptcy Rule 1015(i) have been satisfied.

16.     In addition, the Debtors request that the Court make separate docket entries on the dockets of each of the Debtors, except for the docket of UGHS Senior Living, Inc., substantially as follows:

> An order has been entered in this case consolidating this case with the case of UGHS Senior Living, Inc., Case No. 15-80399, for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 15-80399 should be consulted for all matters affecting this case.

17.     It would be far more practical and expedient for the administration of the Chapter 11 Cases if the Court were to authorize their joint administration. The Debtors envision that many of the motions, hearings and other matters involved in the Chapter 11 Cases will affect all of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, chapter 11 cases.

## APPLICABLE AUTHORITY

18.     No party will be prejudiced by the relief requested in the Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. An order of joint administration relates to the routine administration of a case and may be entered by the court in its discretion. Indeed, the relief requested herein is commonly granted in this District. See, e.g., *In re University General Health System, Inc.*, Case No. 15-31086 (Bankr. S.D. Tex. March 3, 2015); *In re Buccaneer Resources, LLC*, Case No. 14-60041 (Bankr. S.D. Tex. June 2, 2014); *In re TMT*, Case No. 13-33763 (Bankr. S.D. Tex. June 25, 2013); *In re Lack's Stores, Inc.*, Case No. 10-60149 (Bankr. S.D. Tex. November 17, 2010); *In re Seahawk Drilling, Inc.*, Case No. 11-20089 (Bankr. S.D. Tex. February 14, 2011); *In re Energy Partners, LTD.*, Case No. 09-32957 (Bankr. S.D. Tex. May 1, 2009).

## NOTICE

19.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the Debtors' prepetition secured lenders; (c) counsel to the Debtors' postpetition secured lenders; and (d) the parties listed in the list of twenty (20) largest unsecured creditors filed by the Debtors in each of these Chapter 11 Cases.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

20.     No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: Houston, Texas

November 10, 2015

**PORTER HEDGES, LLP**

*/s/ John F. Higgins*
John F. Higgins
State Bar No. 09597500
Aaron J. Power
State Bar No. 24058058
Amy L. Tellegen
State Bar No. 24083954
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone:  (713) 226-6000
Facsimile:  (713) 226-6248

**Proposed Counsel for Debtors and
Debtors in Possession**